### WEEKS v. KRAFT et al.

(Supreme Court, Special Term, Albany County. May 13, 1911.)

1. OFFICERS (§ 11*)—CIVIL SERVICE LAWS—TRANSFER TAX APPRAISER.

A transfer tax appraiser is a public officer called upon to exercise judgment and discretion in the performance of his duty, but his action is not judicial in its character, so as to place him in the noncompetitive class exempt from examination under the civil service laws.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. OFFICERS (§ 11*)—CIVIL SERVICE EXAMINATIONS—STATUTORY PROVISIONS.

Civil Service Law (Consol. Laws 1909, c. 7) § 13, specifies positions that are in the exempt class, and provides that, in addition thereto, there may be included in the exempt class all other subordinate positions for the filling of which competitive or noncompetitive examinations may be found not to be practicable, and, where the nature of the duties of a position is ascertained, the question of exemption is one of law, and the decision of the Civil Service Commission is not controlling.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

3. OFFICERS (§ 11*)—PRESUMPTIONS—CIVIL SERVICE COMMISSION—EXEMPT AND COMPETITIVE OFFICES.

Under the Civil Service Law, there is no presumption in favor of the exemption of a position, unless the nature and duties of the position are such that an examination is impracticable, but the presumption is against an exemption, and, where there has been a competitive classification and an examination thereunder and the making of an eligible list with no criticism as to the merit and fitness of those whose names have been put on such list, there should be no exemption.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

4. OFFICERS (§ 11*)—CIVIL SERVICE EXAMINATIONS.

The Civil Service Commission's classification of a transfer tax appraiser as exempt does not lie in that field where the action of the commission should be final, and it is reviewable.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. § 11.*]

5. MANDAMUS (§ 75*)—ACTS OF PUBLIC COMMISSIONS—CIVIL SERVICE COMMISSION—REVIEW.

A classification by the Civil Service Commission which clearly violates a constitutional or statutory provision may be corrected by mandamus; and, where the court on application to revoke its classification of a transfer tax appraiser in the exempt class finds that an examination for the position is practicable, mandamus will issue to revoke the order of the classification.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 75.*]

Application by W. Holden Weeks for a writ of mandamus directing John E. Kraft and others, as Commissioners, constituting the Civil Service Commission of the State of New York, to revoke its action in classifying the position of Transfer Tax Appraiser in the exempt class of the classified civil service. A peremptory writ of mandamus ordered to issue.

Mayer & Gilbert (Julius M. Mayer, of counsel), for relator.

Thomas Carmody, Atty. Gen. (Franklin Kennedy, of counsel), for the Civil Service Commission of the State of New York.

RUDD, J. W. Holden Weeks applying for a writ of mandamus directing the State Civil Service Commission to revoke its action in passing a resolution classifying the position of transfer tax appraiser in the exempt class of the classified civil service of the state. The applicant, Weeks, is, and since January 7, 1909, has been, a transfer tax appraiser, appointed by the Comptroller of the state. At the time of his appointment, the position of transfer tax appraiser was classified by the State Civil Service Commission as exempt. On December 2,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1909, the Civil Service Commission of the state classified the position as competitive, subject to the approval of the Governor of the state, which was given on December 3, 1909. Since that time transfer tax appraisers could be appointed by the Comptroller of the state under the law when upon the eligible list as the result of competitive examinations conducted by the State Civil Service Commission. The Attorney General, speaking for the State Civil Service Commission, frankly states that in the consideration of this question it is admitted that the position is not of a confidential nature.

The question really is whether an examination for the position of transfer tax appraiser is practicable. If it is, then, under the Constitution and the laws, such an examination must be had, and an eligible list must be made of those who pass such an examination. It is to be determined by the nature and character of the duties of the position, and that it is a question of law to be passed upon by the court. We have the determination of one State Civil Service Commission, holding that a competitive examination was not practicable, and therefore classifying the position as exempt, and in December, 1909, we have the determination of the State Civil Service Commission finding that a competitive examination was practicable, after which an examination was held, the result of which was the making of an eligible list. Then, again, the present State Comptroller on February 20, 1911, filed with the State Civil Service Commission a request for the exemption from competitive examination of the position of transfer tax appraiser, and on April 5, 1911, the State Civil Service Commission approved the request of the Comptroller. While, as above stated, the Attorney General in opposing this application stated that no claim was made that the position of transfer tax appraiser was confidential in its nature, still it seems as if the basis of the Comptroller's petition to the State Civil Service Commission, dated February 20, 1911, asking that the position of transfer tax appraiser be returned to the exempt class of the civil service classification, was based entirely upon the Comptroller's claim that the position was of a personal and confidential nature.

I quote from Comptroller Sohmer's petition of February 20, 1911, addressed to the State Civil Service Commission:

"My reason for making this petition and request is that the relation between the Comptroller and the occupants of those positions is of such a personal and confidential nature that the Comptroller should not be restrained in the slightest degree in choosing men to fill these important positions whose fitness and qualifications are known to him, thereby insuring not only success in administering the affairs of his office, but also the full protection of the rights and interest of the state."

The Comptroller submits memoranda addressed to the honorable State Civil Service Commission, setting forth in the form of a law brief his reasons why the position of transfer tax appraiser should be classified as exempt.

His first ground for such exemption is:

"The relation between the Comptroller and the transfer tax appraiser is necessarily a confidential one.

"Second. The Legislature, as well as the courts, recognized a confidential relation between the Comptroller and the transfer tax appraiser.

"Third. The language of section 229 of the transfer tax law [Consol. Laws 1909, c. 60], authorizing the appointment and removal of appraisers, is clear, unambiguous, and unrestricted."

No suggestion is made that an examination is not practicable, and the whole ground, as indicated, in the application by the Comptroller to the State Civil Service Commission, is that the position is confidential. It is fair to assume that the State Civil Service Commission acted upon the application in the manner in which it did, because that commission approved of the position which the Comptroller took. It is not now claimed that the position is confidential, and, if it was, this court would not agree with such claim.

In the communication of December 3, 1909, by Clark Williams, then Comptroller of the state, addressed to the Civil Service Commission of the state, requesting that the position of transfer tax appraiser be placed in the competitive list, he said:

"The duties of transfer tax appraisers have been carefully considered, and seem to me to require no qualification which it would not be possible to secure in those obtaining the position on an eligible list after proper examination under the rules of your commission. Business judgment and common sense would seem to be as essential for qualification to this position as a knowledge of the law, as that requirement seems fully answered in the presence of an attorney representing the Comptroller at all hearings in which legal questions as to taxation are involved."

There are three classes of exempt positions, namely: (1) Specifically exempt by statute. (2) "Confidential." (3) Positions for which the commission finds competition to be not practicable. The position of transfer tax appraisers must come, if anywhere, in the third class; that is, a position for which the commission finds competition to be not practicable. There is certainly nothing here to show that the commission has reached any such conclusion. Its act in exempting this position was not based upon such a theory. It is fair to assume it was entirely because in the opinion of the present Comptroller of the state the position was confidential.

The civil service law specifies in section 13 the classes of positions which are in the exempt class, and provides in the same section:

"In addition thereto, there may be included in the exempt class all other subordinate positions for the filling of which competitive or noncompetitive examinations may be found to be not practicable."

The records of the State Civil Service Commission show without question that they have found such examinations to be practicable, as evidenced by the eligible list which is now in existence. The Attorney General contends that the duties of a transfer tax appraiser indicate that the nature and character of the position are similar to that of a referee, and that it is judicial, and therefore it should not be classified in the competitive class.

[1] The transfer tax appraiser has been held to be a public officer. As such, he is called upon to exercise judgment and discretion in the performance of his duty, but that does not make his action judicial in character. People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785. That a transfer tax appraiser is called upon at times to pass upon questions of law does not indicate that his fitness thus

to act could not be ascertained by an examination. In fact, the merit, fitness, and character of all lawyers is ascertained by examination, and certificates to practice are only issued after such an examination is had. There seems to have been no question raised as to the merit and fitness of those whose names are now upon the eligible list under the examination had. Until such question is fairly raised, it is incumbent upon the State Civil Service Commission to assume at least in the first instance that examinations are practicable.

[2] The underlying principle in the Constitution and in the laws carrying out the civil service provision of the Constitution is that, after the court has first ascertained the nature and character of the duties of the position, then the question of exemption becomes one of law.

[3] The presumption is not in favor of the exemption. It is the other way, and, when the nature and duties of the office are such that an examination is impracticable, then there will arise under the law an exemption, and not until then. The fair presumption here is, there having been a competitive classification, an examination had, an eligible list made, and no criticism presented to the State Civil Service Commission, or to this court, that such eligible list does not furnish the names of those who have merit and fitness, then there is no exemption, or properly should be none. The fact that a former Civil Service Commission saw fit to classify as exempt, and that again the present State Civil Service Commission has seen fit to grant the request of the Comptroller, based not upon the question raised by him that an examination was impracticable, but that the position was confidential, is not controlling.

[4] The position here under consideration does not seem to the court to "lie in that field where the action of the commission should be final." I have in mind the expression of Chief Judge Cullen in People ex rel. Schau v. McWilliams, when he said:

"If the action of the Commission is not palpably illegal, the court should not intervene."

[5] At the same time the Chief Judge said:

"If the classification of the commission clearly violates the Constitution or the statute, mandamus should issue to correct the classification."

It seems as if the classification of the position of transfer tax appraiser under the facts here presented does violate the Constitution and the statute.

A peremptory writ of mandamus may issue, with $50 costs to the relator.